*Eleventh Judicial District.*

In the Court of Common Pleas of Luzerne County.

---

## DEVERS *v.* GETHING.

1. The jurisdiction of the common pleas of actions of trover and trespass is not taken away, qualified or restricted by the act of 1814, which gives to justices of the peace jurisdiction of such actions

2. The act of 1814, giving to justices of the peace jurisdiction of trover and trespass, contains no restriction like the 26th section of the justices' act of 1810, imposing costs on a plaintiff who sues in the common pleas on a demand for less than $100. It is not required in actions of trover or trespass in the common pleas that the plaintiff, in order to recover costs, file an affidavit that his demand or claim exceeds $100.

3. Plaintiff in such actions brought in the common pleas, even though he recover less than $100, is entitled to have judgment entered with costs.

**Rule to show cause why judgment shall not be entered without costs.**

Opinion by

DANA, J. The plaintiff brought an action of trover and conversion in the court of common pleas. The damages laid in his declaration and the amount actually recovered are less than one hundred dollars. The act of 22d March, 1814, P. D. 867, § 119, gives to justices of the peace and aldermen jurisdiction of actions of trover and conversion in all cases where the value of the property claimed or damages sustained shall not exceed one hundred dollars. The jurisdiction of the court of common pleas is not taken away by this act, nor does it contain any provision analogous to the 26th section of the act of 1810, P. D. 848, § 31, imposing costs on a plaintiff who sues in the common pleas for debt or demand of less than one hundred dollars, made cognizable before a justice of the peace. The case of Clark *v.* McKisson, 6 S. & R., 87, determines that the restriction on the exercise of jurisdiction by the courts of common law, which is provided by the act of 1810 for cases within its perview, does not exist in trespass, trover, and conversion under the act of 1814. Justices have concurrent jurisdiction with the common pleas under the latter act in actions of trover and trespass, and this act does not require an affidavit that the claim exceeds one hundred dollars in order to recover costs. Moyer *v.* Illig, 2 P. F. Sm. 444.

It is true that in Clark *v.* McKisson and Moyer *v.* Illig, the plaintiff's demand, as laid in the declaration, exceeded one hundred dollars, but that would not have made the slightest difference if the provisions of the 26th section of the one hundred dollar law had been deemed applicable to cases of trespass or trover, because by that section the sum *recovered* determines whether the plaintiff shall gain or lose costs, unless he has

taken the precaution to make a previous affidavit, or unless his demand is reduced by set-off. Richards *v.* Gage, 1 Ash. 192.

It follows, under the authorities, that the jurisdiction of the common pleas in trespass or trover is neither qualified or restricted by the act of 1814; that the restrictive clause contained in the justices' act of 1810 does not exist in the act of 1814, giving to justices jurisdiction in actions of trover and trespass, and that the plaintiff is, therefore, entitled to have his judgment entered with costs.

The rule is discharged.